IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN KENNETH REED, | * | |
| Appellant, | * | |
| | | Civil Action No. RDB-14-2216 |
| v. | * | Bankr. No. 12-21819-RAG |
| | | Adversary No. 12-629 |
| DEBORAH A. REED, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case presents the second appeal arising out of Appellant Steven Kenneth Reed's ("Appellant") Chapter 7 bankruptcy proceeding; in this appeal, Appellant now challenges the United States Bankruptcy Court for the District of Maryland's order awarding attorneys' fees to Appellee Deborah A. Reed's ("Appellee").[1]  Appellant argues that the Bankruptcy Court erred because Appellee is an unsecured creditor who is not entitled to attorneys' fees under Section 506 of the Bankruptcy Code and, alternatively, that the doctrine of merger bars recovery pursuant to Maryland law.  Appellee has filed a Motion to Dismiss Appeal (ECF No. 3), arguing that Appellant's failure to timely file his brief and failure to file a transcript of the proceedings below merits dismissal.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final

---

[1] In *Reed v. Reed*, Civ. A. No. RDB-14-175, 2014 WL 4926187 (D. Md. Sept. 30, 2014), this Court affirmed the Bankruptcy Court's award of summary judgment to Appellee and found that a previous state court judgment awarded to Appellee against Appellant was properly classified as a nondischargeable debt arising from a marital settlement agreement and/or divorce decree pursuant to 11 U.S.C. § 523(a)(15).

1

judgments, orders, and decrees of the United States Bankruptcy Courts.  The parties'

submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md.

2014); Fed. R. Bankr. Pro. 8012.  For the reasons that follow, the Appellee's Motion to

Dismiss Appeal (ECF No. 3) is DENIED.  Additionally, the Bankruptcy Court's Order

Awarding Attorneys' Fees and Entering Final Judgment (ECF No. 1-12) is AFFIRMED and

Appellant's appeal is DENIED.

BACKGROUND

This Court recently summarized the facts of this case in the related case of *Reed v.*

*Reed*, Civ. A. No. RDB-14-175, 2014 WL 4926187 (D. Md. Sept. 30, 2014).  This Court

draws from this Court's previous recitation of the facts in that appeal and supplements that

recitation to the extent necessary for this separate appeal.

**I.     The Parties' Divorce and the Marital Settlement Agreement**

Appellant and Appellee were previously married, and they jointly owned a home at

8280 Patapsco Avenue, Pasadena, Maryland 21122 (the "Property").  On September 7, 2006,

Appellee filed a Complaint for Absolute Divorce.  In May of 2007, Appellee and Appellant

contracted to sell the Property to Robert and Madelaine Binner (the "buyers").  After signing

the contact of sale but prior to settlement, the Appellant and Appellee entered a Marital

Settlement Agreement.  Notably, Paragraph 8.3 of that Agreement provided that:

> Until the said property is sold and settled, [Appellant] shall be
> solely responsible for all expenses associated with either the
> ownership or occupancy of said [Subject] Property. He shall
> also be solely responsible for all costs and expenses associated
> with maintaining and/or improving the said [Subject] Property
> so that it can be sold and, upon the signing of this Agreement,
> any legal or financial responsibility that Wife [Deborah A. Reed]
> may have had with regard to any monies that are or may be due

2

> as a result of the ownership of the [Subject] Property shall be assumed by Husband [Steven K. Reed]. Husband shall indemnify and hold Wife harmless as to all such legal and financial responsibilities.

On September 6, 2007, the Circuit Court for Anne Arundel County, Maryland granted Appellee an absolute divorce. The Circuit Court specifically noted that the Marital Settlement Agreement was "incorporated, but not merged," into its Judgment.

## II.  The Buyers' Suit Against the Parties

Sometime after the closing of the sale of the Property on July 6, 2007, the buyers became dissatisfied with their purchase and filed suit against the Appellant and Appellee.[2] According to the buyers' complaint, the claims against Appellee arose out of various work performed on the Property by Appellant prior to the sale of the Property. The Appellee filed a cross-claim against Appellant in that action, requesting indemnification and contribution against Appellant for any and all liability for damages that Appellee might have to the buyers. After settling the claims as they pertained to her, Appellee filed a motion for summary judgment against the Appellant with respect to her cross-claim. The Circuit Court for Anne Arundel County granted the motion for summary judgment and awarded Appellee $49,352.53 in damages and $6,500.00 in attorneys' fees.[3]

## III.  Appellant's Bankruptcy Proceeding

---

[2] The buyers' suit against the Appellant and Appellee alleged breach of contract, non-disclosure or concealment, and negligent mis-representation. The buyers also filed suit against the realtors and the appraiser involved in the sale.

[3] More specifically, the original order awarded Appellee an additional $49,352.54 in attorneys' fees. Subsequently, however, the court revised the award of attorneys' fees to $6,500.00.

On June 25, 2012, Appellant filed for relief under Chapter 7 of the Bankruptcy Code. In his papers, Appellant listed Appellee as a judgment creditor holding an unsecured, non-priority claim of $55,000.00. Appellee filed an Adversary Complaint against Appellant on September 21, 2012; specifically, Appellee sought to except the state court's judgment from discharge under Section 523(a)(15) of the Bankruptcy Code.[4]

On December 11, 2013, the Bankruptcy Court found in favor of Appellee and granted summary judgment against Appellant. The order allowed Appellee fifteen (15) days to submit a request for additional attorneys' fees and costs arising from the proceeding, and further provided an additional fifteen (15) days for Appellant to respond. Appellee filed her "Verified Request for Attorney's Fees and Costs" on December 26, 2013, seeking an additional $17,544.50 in attorneys' fees and $1,756.58 in costs. Appellant filed an opposition in response.[5] The Bankruptcy Court held an initial hearing on February 18, 2014 and issued an oral ruling on April 29, 2014. On May 27, 2014, the Bankruptcy Court issued a written order awarding $10,672.00 in attorneys' fees and $1,756.58 in costs to Appellee.

Appellant noted an appeal to the Bankruptcy Court's attorneys' fees order on June 9, 2014, and designated the record on June 23, 2014. The designation, however, did not include the transcript from the hearing below. The appeal was docketed in this Court on

---

[4] Section 523 of the Bankruptcy Code provides for a number of exceptions to the general rule of dischargeability of debts after bankruptcy. One of these exceptions is a debt to a spouse "that is incurred by the debtor in the course of a divorce or separation or in connection to a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15). Accordingly, debts incurred in relation to separation agreements are not dischargeable in bankruptcy.

[5] Appellee asserts that Appellant's response was not timely filed. Specifically, Appellant filed a Motion for Additional Time to Review the Plaintiff's Request for Attorney's Fees and Costs and to Extend the Time to File Briefs (ECF No. 1-33) on January 15, 2014—several days after the deadline originally set by the Bankruptcy Court. Appellant then file his Opposition brief on January 20, 2014. Appellee filed an Opposition to Appellant's Motion for Additional Time on January 29, 2014.

4

July 17, 2014.  Appellant filed his brief on August 5, 2014.  Subsequently, Appellee filed her pending Motion to Dismiss Appeal (ECF No. 3) and substantive brief (ECF No. 4) on August 21, 2014.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* FED. R. BANKR. P. 8013; *see also In re White*, 128 F. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

## ANALYSIS

**I.     Appellee's Motion to Dismiss Appeal**

Appellee has moved to dismiss this appeal due to two alleged procedural defects on Appellant's part.  Appellee first points to Rule 8009 of the Federal Rules of Bankruptcy Procedure, which require that an appellant "serve and file a brief within 14 days after entry of the appeal on the docket." FED. R. BANKR. P. 8009(a)(1).  Appellee points out that Appellant's brief was not filed until August 5, 2014—i.e., nineteen (19) after the appeal was docketed—and was therefore untimely.[6]

---

[6] The Court notes that a weekend fell between the original deadline and Appellant's filing; however, that fact has no effect on the calculation of time under the present circumstances.

5

Appellee also contends that Appellant failed to include a copy of the transcript of the hearing from the proceedings below, which in Appellee's view constitutes a failure to properly designate the record under Rule 8006.  Specifically, Rule 8006 that states "[t]he record on appeal shall include the items so designated by the parties . . . and any opinion, findings of fact, and conclusions of law of the court."  FED. R. BANKR. P. 8006.  Appellee points out that the Bankruptcy Court held a hearing on the attorneys' fees issue and that its Judgment (ECF No. 1-11) specifically states that, "[a]s explained on the record, the Opposition was overruled to the extent it sought a complete denial of the requested fees."

This Court assesses violations of Rules 8006 and 8009 within the framework of Rule 8001 of the Federal Rules of Bankruptcy Procedure.  See FED. R. BANKR. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). "In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir.1992)." *In re Byrd*, No. 07-1126, 2007 WL 4103048 (4th Cir. Nov. 19, 2007) (unpublished) (*per curiam*). "Specifically, the court must: '(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives,' keeping in mind that dismissal is a 'harsh sanction which the district court must not impose lightly.'" *Id.* (quoting *Serra*, 970 F.2d at 1311). "Proper application of the *Serra* test requires the court to consider and balance all relevant factors." *Id.*

6

With respect to the untimely brief, there is no evidence that Appellant's short-coming was the product of bad faith rather than mere negligence.[7] Moreover, Appellee has failed to demonstrate any concrete prejudice to her interests caused by Appellant's untimely filing.[8] Under these circumstances, dismissal for failure to timely file a brief is unwarranted.

Similarly, there is no basis for dismissal under Rule 8006 either. Again, Appellee is unable to demonstrate any prejudice to her interests.[9] This appeal raises only questions of law that are reviewed *de novo*, and this Court is certainly capable of reviewing the issues on the record provided. Accordingly, this Court concludes that dismissal is not an appropriate remedy, and Appellee's Motion to Dismiss will be denied.

## II. The Bankruptcy Court's Order Granting Attorneys' Fees to Appellee

Appellant appeals the Bankruptcy Court's order granting attorneys' fees to Appellee, arguing that the award of attorney' fees in this case is barred by the provisions of the Bankruptcy Code and the state law doctrine of merger.

### A. Attorneys' Fees and the Bankruptcy Code

---

[7] Indeed, the explanation provided for counsel to the Appellant (that notice of the docketing of the appeal was missed while Appellant was ill) indicates the fault was inadvertent.

[8] Specifically, Appellee argued that she had been "clearly prejudiced by Appellant's failure to adhere to the required procedural timelines" and has been deprived of the "right to obtain a speedy disposition of the pending dispute." *See* Appellee's Mot. Dismiss 8, ECF No. 3. However, the delay here was a mere five (5) day, and Appellee has not provided any explanation for how such a short delay negatively impacted her ability to enforce her right to attorneys' fees.

[9] Appellee argued that, due to Appellant's failure to file a transcript, "this Court does not have the benefit of [the bankruptcy judge's] . . . findings of fact and conclusions of law such that a complete review is impossible." Appellee's Mot. Dismiss 8.

7

Appellant contends that Section 506(b) of the Bankruptcy Code bars Appellee's recovery of "post-petition"[10] attorneys' fees because Appellee is an unsecured creditor.[11] Notably, however, the legal landscape with respect to attorneys' fees in bankruptcy cases has shifted slightly in the wake of *Travelers Casualty & Surety Company of America v. Pacific Gas & Electric Co.*, 549 U.S. 443 (2007). In *Travelers*, the United States Supreme Court struck down the "Fobian Rule," which derived from the case of *In re Fobian*, 951 F.2d 1149 (9th Cir. 1991), where the United States Court of Appeals for the Ninth Circuit had held that the recovery of post-petition attorneys' fees incurred while litigating issues of bankruptcy law were categorically barred. The Supreme Court found that there was no textual support for

---

[10] Post-petition simply refers to the fact that the attorneys' fees were incurred after the filing of Appellant's Chapter 7 petition.

[11] Section 506 states that:
>(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.
>(2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.
>(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(a), (b). Appellant points to *In re Smith*, 206 B.R. 113 (Bankr. D. Md. 1997), and *Ins. Co. of N. Am. v. Sullivan*, 333 B.R. 55 (D. Md. 2005) as holding that Section 506(b)'s mention of attorneys' fees with respect to secured creditors creates an implicit bar against the recovery of attorneys' fees by unsecured creditors.

8

the Fobian Rule in the Bankruptcy Code and held that Section 502(b)(1) did not pose any bar to an unsecured creditor's recovery of post-petition attorneys' fees when the claim arose from a pre-petition contractual obligation.  Before the Supreme Court, the debtor argued that Section 506(b) posed a bar to the recovery of attorneys' fees by undersecured or unsecured creditors.  The Supreme Court, however, ultimately declined to decide the issue because it had not been properly raised below.

Appellant argues that the majority of courts deciding the issue left open in *Travelers* have found that attorneys' fees are not recoverable by unsecured creditors.  However, the cases cited by Appellant are predominantly pre-*Travelers* cases.  *See, e.g.*, Appellant's Br. P. 12 n.18 (string cite with only one post-*Travelers* case).  Moreover, the cases from courts in this Circuit are split; while there is one decision from the United States Bankruptcy Court for the Eastern District of Virginia supporting Appellant's position, *see In re WCS Enterprises, Inc.*, 382 B.R. 206, 209 (Bankr. E.D. Va. 2007) (finding that Section 506(b) bars recovery of contractually-based claims for post-petition attorneys' fees by unsecured creditor), there is a more recent decision from the Eastern District of North Carolina that is directly contrary, *see In re. Holden*, 491 B.R. 728, 738 (Bankr. E.D.N.C. 2013) (permitting unsecured creditor to recover post-petition attorneys' fees and finding that Section 506(b) was inapplicable to the analysis).  More importantly, the two United States Courts of Appeal that have addressed the issue have conclusively determined that Section 506(b) does not bar recovery of contractually based attorneys' fees by unsecured creditors.  *See In re SNTL Corp.*, 571 F.3d 826, 845 (9th Cir. 2009) (adopting the Bankruptcy Appellate Panel for the Ninth Circuit as its own); *Ogle v. Fidelity Deposit Co. of Maryland*, 586 F.3d 143, 148 (2d Cir. 2009); *see also* 1

COLLIER BANKRUPTCY MANUAL 502.03[2][b][iv] (noting that "trend seems to be moving towards courts allowing claims for attorneys' fees where permitted by state law or contractual agreement").  In light of the recent developments with respect to these issues and the recent trends in the caselaw, this Court finds the reasoning of those decisions to be persuasive.[12]  Accordingly, this Court holds that Section 506(b) poses no bar to the recovery of the post-petition attorneys' fees awarded by the Bankruptcy Court in this case.[13]

---

[12] Rather than recreating the analysis here, this Court merely cites the well-reasoned opinion of the United States Court of Appeals for the Second Circuit:

> The Supreme Court framed the *Travelers* issue as follows: "We are asked to consider whether federal bankruptcy law precludes an unsecured creditor from recovering attorney's fees authorized by a prepetition contract and incurred in post-petition litigation." 549 U.S. at 445, 127 S.Ct. 1199. True, the facts in *Travelers* were such that the post-petition costs related solely to litigating issues of bankruptcy law (which Ogle contends is a decisive limiting principle); but the Court's analysis and rationale would seem equally applicable to post-petition costs arising out of pre-petition contracts more generally. Furthermore, the way the issue is framed at the outset, *see id.* (as quoted above), defines the scope of the opinion broadly.
>
> This is important because, under *Travelers,* section 502(b) interposes no bar to an unsecured creditor's ability to recover post-petition attorneys' fees. *Travelers* starts from the premise that "an otherwise enforceable contract allocating attorney's fees (*i.e.,* one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." *Id.* at 448, 127 S.Ct. 1199. The Court went on to explain that, because-as in the present case-none of the section 502(b) exceptions (enumerated (2)-(9)) applied, Travelers's claim for post-petition fees "must be allowed under § 502(b) unless it is unenforceable within the meaning of § 502(b)(1)." *Id.* at 449-50, 127 S.Ct. 1199.
>
> Section 502(b)(1) in turn bars any claim that "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). *Travelers* construed this wording to mean that "any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." 549 U.S. at 450, 127 S.Ct. 1199. Unless a claim is unenforceable under state law or one of the section 502(b)(2)-(9) exceptions applies, courts must "presume" that the claim "will be allowed in bankruptcy unless [it is] expressly disallowed." *Id.* at 452, 127 S.Ct. 1199.
>
> All of the fees at issue in *Travelers* were incurred post-petition; so the amount was necessarily unknown when the bankruptcy petition was filed. It follows that if an unsecured claim for post-petition fees was for that reason unrecoverable, the *Travelers* Court could have disposed of the claim on that simple, available ground alone. *Travelers,* therefore, proceeds along lines that, reasonably extended, would suggest (notwithstanding the Court's express disclaimer) that section 502(b)'s requirement-that the court "shall determine the amount of such claim ... as of the date of the filing of the petition"-does not bar recovery of post-petition attorneys' fees.

10

## B. Merger Doctrine

Under Maryland law, "a simple contract is merged in a judgment or decree rendered upon it, and . . . all its powers to sustain rights and enforce liabilities terminate[] in the judgement [sic] or decree." *SunTrust Bank v. Goldman*, 201 Md. App. 390, 402 (Md. Ct. Spec. App. 2011) (quoting *AccuBid Excavation, Inc. v. Kennedy Contractors, Inc.*, 188 Md. App. 214, 233 (Md. Ct. Spec. App. 2009)). Typically, therefore, "the entry of final judgment on a contract

---

In the present appeal, as in *Travelers:* The underlying contract is valid as a matter of state substantive law; none of the section 502(b)(2)-(9) exceptions apply; and the Code is silent as to the particular question presented-in *Travelers,* whether the Code allows "unsecured claims for contractual attorney's fees incurred while litigating issues of bankruptcy law," 549 U.S. at 453, 127 S.Ct. 1199; and here, whether the Code allows unsecured claims for "fees incurred while litigating issues of" contract law more generally.
Accordingly, we hold that an unsecured claim for post-petition fees, authorized by a valid pre-petition contract, is allowable under section 502(b) and is deemed to have arisen pre-petition. *Accord SNTL,* 571 F.3d at 844 ("[W]e reject the position ... that section 502(b) precludes such fees.").
*Ogle v. Fid. & Deposit Co. of Maryland*, 586 F.3d 143, 146-47 (2d Cir. 2009)

[13] In response to Appellant's Section 506(b) argument, Appellee also asserted that the attorneys' fees awarded by the Bankruptcy Court were part of the nondischargeable debt and, therefore, that Section 506(b) did not apply. This Court finds this argument to be meritorious. The parties' Marital Separation Agreement established Appellee's right to attorneys' fees incurred while enforcing the rights stated therein. When Appellant filed his Chapter 7 petition, Appellee filed her Adversary Complaint in order to establish that the previous state court judgment in her favor was a nondischargeble debt under Section 523(a)(15) of the Bankruptcy Code. The legal issue raised by Appellee's Complaint was whether the state court judgment was incurred in connection with a separate agreement or divorce decree, and Appellee prevailed on that point.
The fees that are the subject of this appeal arose from counsel's efforts in the Bankruptcy Court with respect to these issues. In light of (1) the determination that Appellant's debt to Appellee (i.e., the state court judgment) arose from a marital settlement agreement and/or divorce decree, and (2) Appellee's right to attorneys' fees under the Marital Settlement Agreement, the post-petition attorneys' fees and costs at issue are a nondischargeable debt to Appellee. *See In re Jay Busch*, 369 B.R. 614, 626 (B.A.P. 10th Cir. 2007) (award of attorneys' fees affirmed in case where former spouse successfully obtained an order confirming nondischargeability under Section 523(a)(5) of obligation to pay a second mortgage pursuant to parties' divorce decree); *see also In re Haun*, 396 B.R. 522, 525-28 (D. Idaho 2008) (distinguishing attorneys' fees in context of a fee claim against the estate as compared to the right to fees arising from nondischargeability litigation).[13]
Because this Court agrees that Section 506(b) poses no bar to the recovery of attorneys' fees in this case, this Court does not address Appellee's alternative argument that she is, contrary to Appellant's contention, a secured creditor under Maryland law due to the recording of the state court's summary judgment. *See* Appellee's Br. 9 ("Under Maryland Rules 2-621 and 2-623, when the judgment was recorded in Baltimore County, it constituted a lien on the Appellant's interest in land located in that County. Therefore, the judgment, pursuant to the laws of Maryland, by way of recording is a secured interest. Nowhere in Appellant's brief does he provide either the definition of an unsecured claim or any explanation of why Appellee is in fact an unsecured creditor, a status that varies depending on the circumstances of the case.").

11

case extinguishes any contract-based right to further attorneys' fees because 'attorneys' fees recoverable pursuant to a contract are part of the damages claim.'" *Id.* (quoting *AccuBid*, 188 Md. App. at 231). Relying upon this doctrine, Appellant contends that the doctrine of merger bars recovery of attorneys' fees because the agreement was merged into the state court's summary judgment ruling.

However, marital settlement agreements provide one exception to the merger doctrine, and such agreements remain a separate, enforceable contract where the parties clearly intended the document to be incorporated but not merged into the divorce decree. *See SunTrust Bank v. Goldman*, 201 Md. App. at 405 (discussing *Johnston v. Johnston*, 297 Md. 48 (1983)). In this case, the parties' agreement clearly indicated such intent,[14] and the divorce decree unequivocally stated that the Marital Separation Agreement was incorporated but not merged with that decree. Accordingly, the rights created by the Marital Settlement Agreement—including the right to attorney's fees incurred while enforcing the agreement—remain separately enforceable. As discussed above, the attorneys' fees and costs associated with the bankruptcy proceedings were incurred while Appellee sought to enforce the Marital Settlement Agreement. *See supra* note 13. Therefore, the doctrine of merger does not pose a bar to Appellee's claim for attorneys' fees.

## CONCLUSION

For the reasons stated above, the Appellee's Motion to Dismiss Appeal (ECF No. 3) is DENIED. Additionally, the Bankruptcy Court's Order Awarding Attorneys' Fees and

---

[14] Specifically, the Marital Settlement Agreement states that:
> [I]f either party breaches any provision of this Agreement, or is in default thereof, said party shall be responsible for any reasonable legal fees incurred by the other party in seeking to enforce this Agreement which are awarded by a court of competent jurisdiction.

Appellee's Br. Ex. A, ECF No. 4.

12

Entering Final Judgment (ECF No. 1-12) is AFFIRMED and Appellant's appeal is

DENIED.

A separate Order follows.

Dated:      October 30, 2014                 _____/s/_____

                                             Richard D. Bennett
                                             United States District Judge

13